```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION

MICHAEL DEWAYNE MITCHELL,        §
                                 §
          Petitioner,            §
                                 §
v.                               §   Civil Action No. 4:14-CV-535-Y
                                 §
WILLIAM STEPHENS, Director,      §
Texas Department of Criminal     §
Justice, Correctional            §
Institutions Division,           §
                                 §
          Respondent.            §
```

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Michael Dewayne Mitchell, a state prisoner, against William Stephens, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

I.  Factual and Procedural History

On March 6, 1996, in the 297th Judicial District Court, Tarrant County, Texas, a jury found Petitioner guilty of murdering Gerald Coleman and assessed his punishment at life imprisonment. (SH1-WR-41,589-01 at 9, ECF No. 10-14.) Petitioner appealed his conviction, but, on April 15, 1999, the Second Court of Appeals of Texas affirmed the trial court's judgment on remand from the Texas Court

of Criminal Appeals. (Docket Sheet at 1, ECF No. 8-2.) Petitioner did not file a petition for discretionary review following the affirmance. (*Id.*; Electronic R., ECF No. 8-1.) Petitioner also filed four state habeas applications challenging his conviction. The first, filed on April 21, 1999,[1] was dismissed by the Texas Court of Criminal Appeals on May 19, 1999, because Petitioner's appeal was still pending. (SH1-WR-41,589-01 at cover & 4, ECF No. 10-14.) The second, filed on February 14, 2001, was denied without written order by the Texas Court of Criminal Appeals on June 13, 2001. (SH1-WR-41,589-02 at cover & 4, ECF No. 10-15.) The third, filed on April 20, 2006, was dismissed as a subsequent petition by the Texas Court of Criminal Appeals on June 7, 2006. (SH1-WR-41,589-03 at cover & 11, ECF No. 10-17.) And the fourth application, filed on February 23, 2014, was dismissed on April 23, 2014, by the Texas Court of Criminal Appeals as noncompliant with the state's form requirements. (SH1-WR-41,589-04 at 16, ECF No. 10-18; Action Taken, ECF No. 10-19.) Petitioner filed a prior federal habeas petition challenging the same conviction in August 2002, which was dismissed for want of prosecution on September 27, 2002. (Pet. & Order, Mitchell v. Cockrell, Civil Action No. 4:02-CV-0717-A, ECF Nos. 1 & 5.) This federal petition was filed on July 5,

---

[1] A prisoner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's state applications do not provide the date Petitioner placed the documents in the prison mailing system but do reflect the dates they were signed by Petitioner. Therefore, for purposes of this Opinion and Order, the state applications are deemed filed on those dates, respectively.

2014.[2] (Pet. 10, ECF No. 1.)

## II. Issues

Petitioner raises the following three grounds for habeas relief (all punctuation and grammatical errors are in the original):

> GROUND ONE: Trial court allowed the prosecutor to introduce a phony and fictitious prior offense at punishment phase of trial which had been conjured up, manufactured and fabricated by prosecutor.
>
> GROUND TWO: The court erroneously allowed the introduction of a tainted and polluted confession that were induced by threats physical and psychological abuse, coercion and erroneous and misleading info.
>
> GROUND THREE: Petitioner was denied his Sixth Amendment right to counsel during interrogation.

(Pet. 6-7, ECF No. 1.)

## III. Statute of Limitations

Respondent has filed a preliminary answer in which he asserts the petition is barred by the federal statute of limitations. (Resp't's Answer 3-10, ECF No. 11.) Title 28, United States Code, section 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–

---

[2] A federal habeas petition filed by a prisoner is also deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, under subsection (A), the limitations period begins to run on the date on which the judgment of conviction becomes final by the expiration of the time for seeking direct review. For purposes of this provision, Petitioner's conviction became final upon expiration of the time that he had for filing a petition for discretionary review in the Texas Court of Criminal Appeals, following the appellate court's April 15, 1999, affirmance, on Monday, May 17, 1999. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Therefore, the statute of limitations began to run the

following day, on May 18, 1999, and closed one year later, on May 17, 2000,[3] absent any tolling.

Petitioner's first state habeas application, dismissed because his direct appeal was still pending, was not "properly filed" for purposes of statutory tolling under § 2244(d)(2). *See Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir.), *cert. denied*, 543 U.S. 893 (2004). *But see Caldwell v. Dretke*, 429 F.3d 521, 523 n.4 (5th Cir. 2005), *cert. denied*, 549 U.S. 970 (2006). Nor do Petitioner's subsequent state habeas applications filed after expiration of the federal limitations period operate to toll the limitations period under the statutory provision. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, this federal petition is untimely if Petitioner is not entitled to tolling as a matter of equity.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner attempting to make a showing of actual innocence is required to produce "new reliable evidence—whether it be

---

[3]Although 2000 was a leap year comprised of 366 days, the Court relies on the plain language of the statute to hold Petitioner had "1-year," as opposed to 365 days, to file his petition. *See also United States v. Hurst,* 322 F.3d 1256, 1261-62 (10th Cir. 2003) (same); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000) (same); *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir.) (same), *cert. denied,* 531 U.S. 878 (2000).

5

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 133 S. Ct. at 1928 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)).

Petitioner claims his mental breakdown, his confinement in a "padded cell for three years," "being beat up and stabbed by gangs," and his placement "in segregation and maximum security for seven years" stood in his way and prevented his timely filing. (Pet'r's Reply at 3, ECF No. 15.) Petitioner also claims he is actually innocent. He urges that he was only fifteen years old at the time of the offense, he was beaten and brutalized by law enforcement into confessing to a crime he did not commit, and his constitutional rights were ignored; thus, a fundamental miscarriage of justice will result if this Court fails to entertain his claims. (Pet'r's Reply 1-3, ECF No. 15.) However, Petitioner presents no evidence to support his claims that the circumstances of his confinement prevented him from asserting his rights in state and federal court, and he presents no new evidence to meet the actual-innocence exception. Petitioner's extreme delay further mititates against equitable tolling. Accordingly, equitable tolling is not warranted.

Therefore, Petitioner's federal petition was due on or before May 17, 2000. His petition filed on July 5, 2014, over fourteen

6

years after limitations had already expired, is untimely.

## IV.  Conclusion

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as time-barred.  A  certificate of appealability is DENIED.

SIGNED June 2, 2015.

                              */s/ Terry R. Means*
                              TERRY R. MEANS
                              UNITED STATES DISTRICT JUDGE